HALL
*v.*
BEGGS.

---

JOHN C. SMITH *v.* J. L. THIELEN, Executor of LUCY A. CALDWELL, Deceased.

The measure of damages is the amount of loss the plaintiff has sustained, and the profit of which he has been deprived, with the qualifications stated in Article 1928 C. C.

To recover damages plaintiff must make his claim certain ; to make it only probable is not enough. But, when this is not done, the judgment below should not be final, but one of non-suit.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Budd & Lambert* for plaintiff and appellant. *Alfred Hennen* for defendant.

HOWELL, J. The plaintiff having leased from the deceased, for a term of years, the establishment known as the United States Hotel, in the Third District of this city, brought suit against her succession for damages to the amount of one thousand dollars, for an alleged violation of the following clause in the act of lease between the parties, to wit: "And the lessor binds herself, her heirs and assigns, not to rent out the house on the corner of Victory and Elysian Fields streets, adjoining said United States Hotel, for the purpose of having therein any hotel, or any similar business, nor to keep therein any such business for herself."

It is alleged in the petition, and established by the evidence that plaintiff, as well as those who preceded him, carried on in the leased premises, the business of keeping boarders and lodgers, a bar room and billiard tables; and that some time after he had taken possession, a billiard saloon was opened in the upper part of said corner house, and a bar-room opened, and a few boarders kept in a building on Victory street, in the rear of and adjoining this corner house, and which was once the kitchen to said house.

A general denial was pleaded, and the judge of the District court rendered judgment in favor of defendant, for the reason that there was no such evidence of damages as to justify a judgment in favor of plaintiff, and expressed a doubt as to whether or not there was a violation of the contract.

Construed with reference to the allegations and proof, it is fair and legitimate to hold that the expression, "any hotel or any similar busi-

SMITH
*v.*
THIELEN.

ness," used in the restrictive clause, referred to the business, which was to be and had been conducted in the United States Hotel, which was the keeping of boarders, a bar room and billiard tables; and that it was the intention of the parties that no such business, or any branch thereof, should be carried on, during the continuance of the lease, in the adjoining house, in competition with plaintiff, in whose favor the stipulation was made. In this sense, there was evidently a breach of this covenant by the deceased.

We agree, however, with the judge *a quo*, that the evidence does not enable the court to fix accurately the damages resulting from this violation of the contract.

The measure of damages is the amount of loss the plaintiff has sustained and the profit of which he has been deprived, with the qualifications stated in the Code. C. C. 1928; 9 An. 294.

The statements of the witnesses, that the daily receipts of plaintiff fell off, or decreased *a certain named amount*, after similar business was opened by the deceased in the adjoining buildings, because the customers who frequented plaintiff's house resorted to the other, do not meet this standard. They do not show the profit which plaintiff would have made out of those customers who left him. Their aggregate of the decrease or falling off in the receipts is not shown to be exclusive of the expense of conducting the business, the costs of materials, etc. These are left to arbitrary calculation or assumption.

In addition to these considerations, the difficulty of showing that plaintiff would have received the benefit of the patronage of these customers, had the adjoining establishments not been opened, contrary to the contract (which has not been attempted), inclines us the more readily to strictly apply the rule that, "to recover, one must make his claim certain; to make it only probable is not enough." The plaintiff has not established, with legal certainty, the amount of damages actually sustained by him. We cannot assume that the whole or any given part of the amounts named by the witnesses, as the diminution of receipts, is the amount of the loss he has sustained and the profit of which he has been deprived.

But we think the lower court erred in giving final judgment against the plaintiff: it should have been one of nonsuit.

It is therefore ordered, adjudged and decreed, that the judgment of the District court be avoided and reversed; and it is now ordered and decreed, that there be judgment against the plaintiff as in case of nonsuit, and that he pay the costs of the lower court, and the defendant pay the costs of this appeal.